UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTONIO GORSIRA,<br>       Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, SECRETARY,<br>DEPARTMENT OF HOMELAND<br>SECURITY, and ALBERTO GONZALES,<br>ATTORNEY GENERAL OF THE UNITED<br>STATES,<br>       Respondents. | Civil Action No.<br>3:03cv1184 (SRU) |

## MEMORANDUM OF DECISION

Antonio Gorsira, a native of Guyana, successfully petitioned the court for a writ of habeas corpus. I granted the petition and ordered him released from the custody of the Bureau of Immigration and Customs Enforcement ("BICE") after determining that Gorsira had derived United States citizenship by operation of law pursuant to the former 8 U.S.C. § 1432 (repealed 2000). *See Gorsira v. Loy*, 357 F. Supp. 2d 453 (D. Conn. 2005), *adhered to on reconsideration sub nom. Gorsira v. Chertoff*, 364 F. Supp. 2d 230 (D. Conn. 2005).

Gorsira now seeks an award of attorney's fees and other expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), 5 U.S.C. § 504, as amended. The EAJA provides that the prevailing party in a civil action brought against the United States is entitled to attorney's fees and other expenses unless the position of the government was substantially justified or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). An immigration habeas corpus petition qualifies as a "civil action" under the EAJA. *Vacchio v. Ashcroft*, 404 F.3d 663, 668 (2d Cir. 2005).

**I.     Standard of Review**

"Substantially justified" under the EAJA means "justified in substance or in the main" or "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  In other words, the position of the government must have had a reasonable basis both in law and fact.  *Id*; *see also Vacchio*, 404 F.3d at 674.  The legal standard under the EAJA is distinct, and an EAJA inquiry should not be collapsed into the antecedent consideration of the merits.  *See Cooper v. United States R.R. Retirement Board*, 24 F.3d 1414, 1416 (D.C. Cir. 1994).

The court must base its determination on "the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action," 28 U.S.C. § 2412(d)(1)(B), but there is only one threshold determination of "substantially justified" for the entire action.  *Commissioner v. Jean*, 496 U.S. 154, 159 (1990).

**II.    Discussion**

The issues raised by Gorsira's habeas petition were complex both procedurally and substantively, and the position held by the government was substantially justified.  Accordingly, I deny Gorsira's motion for attorney's fees and expenses under the EAJA.

A.     <u>District Court's Jurisdiction over Habeas Petition Involving Citizenship Claim</u>

During the habeas proceeding, the threshold question was whether a district court has jurisdiction to consider a habeas petition that raises a citizenship claim.  The government contended that 8 U.S.C. § 1252 ("Judicial review of orders of removal") precluded the district court from considering the citizenship claim in the first instance.  Although I rejected that argument, *Gorsira*, 364 F. Supp. 2d at 234, the question was unsettled in the Second Circuit and

other district courts had held that section 1252(b)(5) required a district court to transfer to the Court of Appeals any habeas petition involving a nationality claim. *See, e.g.*, *Marquez-Almanzar v. Ashcroft*, 2003 WL 21283418 (S.D.N.Y. June 3, 2003); *Cartagena-Paulino v. Reno*, 2003 WL 21436224 (S.D.N.Y. June 20, 2003). The government's position with respect to the jurisdictional question was, thus, substantially justified.[1]

      B.      Citizenship Claim

The parties did not dispute the facts of this case: Gorsira was a Guyanese native born out of wedlock; the man, who had been named on Gorsira's birth certificate, was his biological father; Gorsira's parents never married; at age eight he entered the United States on an immigrant visa with his mother, who became a naturalized citizen when he was under eighteen and in her custody.

Although the parties did not dispute the identity of Gorsira's father, they did dispute whether Gorsira's paternity had been established by legitimation. The significance of his legitimation was essential because, under the former section 1432, in order for Gorsira to have derived citizenship, his paternity must not have been established by legitimation. *See* 8 U.S.C. 1432(a)(3) (repealed 2000). The court considers whether legitimation has been established by examining the laws of the child's native country. *See Wedderburn v. INS*, 215 F.3d 795, 797 (7th Cir. 2000)

I ultimately concluded that Gorsira's paternity had not been established by legitimation

---

[1] Although subsequent legislation does not affect whether the government's position was justified during the course of the civil action, I note that the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, enacted in May 2005, eliminated district court habeas corpus review of orders of removal.

under the laws of Guyana based on the statutory text of the Guyanese Children Born Out of Wedlock (Removal of Discrimination) Act, No. 12 (1983). The government's contrary position, however, was substantially justified. Both parties agreed that Gorsira's biological father was listed on his birth certificate. In support of its position that Gorsira's paternity had been established by legitimation, the government relied on a Board of Immigration ("BIA") decision in which the BIA had interpreted the Removal of Discrimination Act: *Matter of Goorahoo*, 20 I. & N. Dec. 782 (BIA 1994). In that decision, the BIA concluded that Guyana had eliminated legal distinctions between legitimate and illegitimate children. *Id.* at 784-85. With no case law providing guidance on the effect of the Guyanese Removal of Discrimination Act, the government's position that, under that Act, the paternity of a child whose father was listed on his birth certificate would be "established by legitimation" was reasonable.

In addition, the government's position during the habeas proceeding regarding the effect of Gorsira's convictions for narcotics possession and threatening in the second degree – a component of his habeas petition that I did not reach – was substantially justified.

C.   Agency Action or Inaction

The statute defines the "position of the United States" to include not only the position taken by the government in the civil action but also "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). Here, the underlying action was the institution of removal proceedings brought by the former Immigration and Naturalization Service ("INS") following Gorsira's convictions. Based on the undisputed facts and the BIA authority articulated in *Goorahoo*, the action taken by INS to enforce United States immigration laws was substantially justified.

With respect to Gorsira's claims concerning the issuance of a naturalization certificate or the incarceration of another Guyanese native wrongly detained by BICE, those matters are outside the scope of the record in this case and do not constitute agency actions "upon which [this] civil action is based." *Id.*

### III.    Conclusion

Because the position of the United States was substantially justified, Gorsira's motion for attorney's fees under the EAJA (doc. # 47) is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 24th day of January 2006.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge